# SUPERIOR COURT OF BALTIMORE CITY.

Filed June 29, 1909.

TRUSTEES OF THE SEVENTH BAPTIST CHURCH OF BALTIMORE CITY

VS.

DAVID M. ANDREW, GEORGE H. THOMAS, AND THE AMERICAN BONDING COMPANY OF BALTIMORE CITY.

*Thomas G. Hayes* and *Bagby & Bagby* for plaintiff.

*Edward Duffy* for defendants.

NILES, J.—

In the opinion of this court, it must be taken as the law of this case, declared both by Judge Sharp in his opinion filed December 7th, 1907, and by Judge Elliott in his action in overruling the demurrer to the amended narr. on November 20th, 1908, and by his other rulings made on the same date, that the claim made by the narr. in this case, being a claim "relating to defective work and improper materials in the plastering" can be maintained without an allegation that the architect has certified to its defective quality.

If this be so, it is too late now to argue in this case, that a certificate from the architect is a condition precedent to the making of such claim.

But by an amendment made after the decisions of both Judge Sharp and Judge Elliott, the narr. was materially changed, and in the opinion of this court, there is now presented in this case, for the first time, the question whether, or under what circumstances, the 8th clause of the contract providing for liquidated damages of $50 per day "for every day after October 1st, 1905, that the work shall remain unfinished," justifies the charging of such damages for a period of six months, commencing about a year and a half after said 1st of October, 1905, because, during that period, the owner was "deprived of the use of" the church in order that defective work might be corrected.

In the opinion of this court if, after the expiration of the specified time for the completion of the building, the plaintiff received and accepted the same

without making any claim for damages for the non-completion of the building within the time specified in the con tract, it cannot afterward claim such liquidated damages because a latent defect was thereafter discovered, for the repair of which it became necessary to vacate the building for a time.

These seem to be the substantial questions in the case.

It only remains to apply the opinion of the court, as just stated, to the questions as they are presented in various forms upon the record, and, in accordance therewith the following rulings will be made:

1st. The demurrers, so far as they by law mount up to the declaration, will be overruled as to it.

### As to the Pleas of the American Bonding Company.

2nd. On the 1st plea issue is joined and no question arises.

3rd. The criticism made of the replication to the 2nd plea seems too technical, and the demurrer to it will be overruled.

4th. The demurrer to the replication to the 3rd plea will be overruled on the authority of what this court considers the effect of the previous rulings in the case.

5th. The demurrer to the 4th plea is sustained, as the plea, if good at all, is good at law.

6th. The demurrer to the replication to the 5th plea is sustained, the plea not professing to apply to anything except the first breach alleged; and the replication as to that being insufficient. Leave granted to amend within 30 days.

7th. The demurrer to the 6th plea is sustained, the plea being good at law.

8th. The demurrer to the replication to the 7th plea is sustained. Leave granted to amend within 30 days.

9th. In regard to the 8th plea, it appears, that by the docket entries, that on April 3, 1909, the plaintiff, by leave of court, withdrew his demurrer and joined issue short.

10th. In regard to the 9th plea, it also appears that on April 3, 1909, replication and rejoinder were withdrawn and issue joined.

11th. The demurrer to the 10th plea will be sustained, in consequence of what this court thinks the effect of the previous rulings in the case.

12th. The demurrer to the eleventh plea has already been sustained by Judge Elliott, and, of course, will now be sustained.

13th. The demurrer to the replication to the 12th plea will be overruled, it being the opinion of this court that, assuming the facts stated in the replication to be true, the alterations in the plans remain substantially as provided in the contract.

14th. The demurrer to the replication to the 13th plea is overruled. This plea is the same as the former 10th plea, to which replication was filed and demurred to, and the demurrer overruled November 20, 1908.

15th. The demurrer to the pleas numbered 13A, 13B and 13C, are sustained, with leave to amend within 30 days. What is "reasonable time" in such a case, as is set up by the pleas, is a question for the court.

16th. Pleas numbered 14, 15, 16, 17, 18, 19 and 20, were filed on February 25, 1908. Demurrers to them were sustained by Judge Elliott, and the demurrers to the present pleas will, of course, be sustained now.

In the 18th plea there is a verbal mistake.

The words "order of court" there appearing being intended to be "order of the owner."

17th. The demurrer to the replication to the 21st plea will be overruled, because of the previous rulings in the case, that the 13th article of the agreement expressly allows the owner to recover notwithstanding the final certificate has been given by the architect and the final payment made.

### As to the Pleas of Andrew and Thomas.

18th. The demurrer to the first plea will be overruled for reasons already assigned in treating of the pleadings of the American Bonding Company.

19th. The demurrer to the second plea will also be overruled.

20th. Issue is joined on replication to the 3rd plea.

21st. Issue is jointed on replication to the 4th plea.

22nd. The demurrer to the 5th plea will be sustained.

23rd. The demurrer to the 6th plea will be sustained.

24th. The demurrer to the replication to the 7th plea will be overruled.

25th. The demurrer to the replication to the 8th plea will be sustained, with leave to amend within 30 days.

In the judgment of the Court, the facts in this case are not such as to make the rule laid down in Kendrick and Roberts vs. Warren Brothers Company, 72 Atl. Reporter 461, applicable here.